[No. 3,880.]

## WM. T. COLEMAN *v.* SAMUEL GILMORE ET AL.

STRIKING DOCUMENTS FROM THE RECORD.—A verdict of a jury and order modifying it printed in a transcript, which form no part of a statement on motion for a new trial, and which were not before the Court when the motion was heard, will be stricken from the record in the Supreme Court.

SPECIFICATIONS IN STATEMENT.—A statement on motion for a new trial made before the code took effect, must, if it is claimed that the verdict is against the evidence, specify the particulars wherein it is claimed that the evidence is insufficient.

EXCEPTION TO CHARGE OF COURT.—A statement made by counsel to the official reporter, when the Court charges the jury that he wishes it understood that he saves an exception to the charge, does not amount to an exception, even if it was assented to at the time by the opposing counsel.

IDEM.—Even if counsel for the respective parties may, by consent, reserve the right to except to the charge of the Court to a jury, this consent is of no avail unless the exception is contained in the statement on motion for a new trial.

APPEAL from the District Court, City and County of San Francisco.

Ejectment to recover a block of land in San Francisco. The plaintiff moved for a new trial. The record contained the pleadings, notice of intention to move for a new trial, statement, and opinion of the Court denying a new trial. There was printed in the record what purported to be a verdict of the jury, and an order modifying the verdict. These were not included in the statement. The Court denied the motion for a new trial, and the plaintiff appealed.

The other facts are stated in the opinion.

*Nathaniel Bennett* and *J. B. Felton*, for the Appellant.

*E. A. Lawrence*, for the Respondents.

By the Court, RHODES, J.:

Appeal from the order denying a new trial. The notice of the motion was given before the adoption of the Code, and the motion was heard upon a statement settled by counsel. The respondents — the defendants—moved that

the two documents entitled "Verdict of the Jury" and "Order modifying Verdict" be stricken from the record. The motion must be granted, for they form no part of the statement on new trial, and were not before the Court on the hearing of the motion.

The plaintiff's first point is that the verdict is against the evidence. The only specification in the statement pointing to the question of the sufficiency of the evidence is the following: "13th. That the verdict is against evidence." The rule in Section 195 of the Practice Act, that the statement must specify the particulars in which the evidence is alleged to be insufficient, is imperative. It has so been decided by this Court times almost without number.

The remaining points relate to the charge given by the Court to the jury. Immediately following the charge are these words: "Mr. Patterson (aside to reporter)—let it be understood that we save our exception to all that. Mr. Lawrence (to reporter)—of course either side may take their exceptions hereafter." But the statement contains no exceptions to any part of the charge. The Court below, in passing on the motion, stated that no portion of the charge was excepted to, and that it was not even excepted to as a whole; and therefore held that the charge was not subject to review on the motion for a new trial. There can be no doubt of the correctness of that ruling. If it be assumed that the plaintiff, with the consent of the defendants, might reserve the right to except to the several parts of the charge, this right would be of no avail to him unless he exercised it, and in the statement pointed out the part of the charge excepted to, and stated that an exception thereto was reserved. The statement, as already remarked, does not show that the plaintiff took or reserved an exception to any part of the charge; and the points, therefore, relating to the charge cannot be considered on this appeal.

Order affirmed. Remittitur forthwith.

Mr. Chief Justice WALLACE, being disqualified, did not sit in this case.